# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>Hawaii Biotech, Inc.,<br><br>      Debtor. | Case No. 09-02908<br>Chapter 11 |
| Hawaii Biotech, Inc.,<br><br>      Plaintiff,<br><br>  vs.<br><br>Acuvax, Limited,<br><br>      Defendant. | Adv. Pro. No. 10-90008<br><br><br><br><br><br>Re: Docket No. 5 |

## MEMORANDUM OF DECISION
## ON INTERNATIONAL SERVICE OF PROCESS

     This adversary proceeding was commenced on February 11, 2010 by the debtor Hawaii Biotech, Inc. against Acuvax, Limited. The complaint and notice of scheduling conference was mailed via U.S. Postal Service and FedEx International Air to the defendant at its place of business in Brisbane, Australia. There is no evidence of signed receipt by Acuvax, Limited for the U.S. Postal Service delivery. Likewise, there is no evidence of signed receipt for the FedEx delivery. The

FedEx tracking only shows that the package was delivered.

Acuvax, Limited did not respond to the complaint within thirty days of the summons. The debtor moved for entry of default on April 7, 2010. The court must determine whether the debtor effected proper service on Acuvax, Limited, a foreign company located in Australia.

Service of process in an adversary proceeding is governed by Federal Rule of Bankruptcy Procedure 7004. Under rule 7004(b), "service may be made within the United States by first class mail . . . ." In this case, the plaintiff mailed the summons to a foreign company at an address outside of the United States. Because service was not made "within the United States," the plaintiff's attempt at service did not satisfy rule 7004(b).

Under Fed. R. Bankr. P. 7004(a) and Fed. R. Civ. P. 4(h), a foreign corporation may also be served outside the United States in the manner specified in Fed. R. Civ. P. 4(f). That rule provides:

> Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice;

 (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

 (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

 (C) unless prohibited by the foreign country's law, by:

  (i) delivering a copy of the summons and of the complaint to the individual personally; or

  (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

The plaintiff has not satisfied rule 4(f)(1) because the plaintiff has not identified any "internationally agreed means of service" in Australia. Australia is not yet a member of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. The plaintiff contends that the methods of service it chose are "reasonably calculated to give notice," but that is not sufficient standing alone.

The plaintiff has not satisfied rule 4(f)(2)(A) because service by mail is

apparently insufficient under Australian law.[1]

Rule 4(f)(2)(B) is not satisfied because there is no indication that an Australian authority has directed the plaintiff to effect service by mail or in any particular manner.

The plaintiff has not satisfied rule 4(f)(2)(C) because Australian law may prohibit service by mail (although this is not entirely clear) and the clerk did not address or send the summons by mail to the defendant.

Rule 4(f)(3) does not help the plaintiff because the plaintiff has not briefed the question of whether any international agreements prohibit service by mail and has not asked the court for an order concerning the manner of service.

Because the plaintiff has not established that it effected proper service, the request for entry of default is DENIED.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 04/16/2010

---

[1] Australian Government Attorney-General's Department, http://www.ag.gov.au/www/agd/agd.nsf/Page/Internationalcivilprocedure_Serviceofforeigncourt processinAustralia (last visited April 16, 2010).